# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC A. STEPHENS, | Civil Action No. |
| Plaintiff, | 2:22-cv-01940-MCA-JBC |
| v. | |
| EQUIFAX, INC., EQUIFAX INFORMATION SERVICES, LLC, EQUIFAX CONSUMER SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC, SYNCHRONY FINANCIAL, PAYPAL, INC., and PAYPAL HOLDINGS, INC. | |
| Defendants. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PAYPAL, INC. AND PAYPAL HOLDINGS, INC.'S MOTION TO COMPEL ARBITRATION OR DISMISS IN THE ALTERNATIVE**

---

**SAUL EWING ARNSTEIN & LEHR LLP**
*A Delaware LLP*
Ryan L. DiClemente, Esq. (043352006)
Kellie A. Lavery, Esq. (029882002)
650 College Road East, Suite 4000
Princeton, New Jersey 08540
T: (609) 452-3100
F: (609) 452-3122
Ryan.DiClemente@saul.com
Kellie.Lavery@saul.com
*Attorneys for Defendants*
*PayPal, Inc and PayPal Holdings, Inc.*

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................1

II.   STATEMENT OF FACTS ...................................................2

III.  ARGUMENT.......................................................................6

    A.    Plaintiff's Claims Against PayPal and PayPal Holdings Must Be Arbitrated ................................................................6

        1.   Applicable Federal Law Favors Arbitration ..............................6

        2.   The User Agreement is a Valid Contract that Contains an Enforceable Arbitration Provision ...............................................8

        3.   Plaintiff's Claims Fall Squarely Within the Scope of the Arbitration Provision .................................................10

    B.    In the Alternative, Plaintiff's Claims Against PayPal and PayPal Holdings Must be Dismissed as a Matter of Law .................13

        1.   Motion to Dismiss Standard........................................................13

        2.   Plaintiff Fails to Plead Any Viable Claims Against PayPal Holdings, PayPal's Parent Company............................14

        3.   Plaintiff's Claims of Defamation, Fraud, and Intentional Infliction of Emotional Distress are Preempted by the FCRA ...........................................................16

        4.   Plaintiff's Individual Causes of Action Against PayPal and PayPal Holdings Fail.........................................................18

            i.   Plaintiff Fails to State a Claim For Defamation ............18

            ii.  Plaintiff's Fraud Claim Fails As A Matter of Law.........20

            iii. Plaintiff's FCRA Claims Must be Dismissed against PayPal and PayPal Holdings ............................21

            iv. Plaintiff Fails to State Viable Claims for Breach of Contract and Breach of Good Faith and Fair Dealing..................................................25

            v.  Plaintiff Has Not And Cannot State a Claim for Intentional Infliction of Emotional Distress Against PayPal or PayPal Holdings ................28

IV.  CONCLUSION..................................................................30

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alidments Krispy Kernels, Inc.* v. *Nichols Farms*,
  851 F.3d 283 (3d Cir. 2017) ...............................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................13, 14, 19

*B&B Fin. Servs., LLC v. RFGV Festivals, LLC*,
  No. K18C-11-040, 2019 WL 5849770
  (Del. Super. Ct. Nov. 7, 2019) ..........................................................................15

*Banco Popular N. Am. v. Gandi*,
  184 N.J. 161 (2005) ...........................................................................................20

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................................................13

*Bertollini v. Harrison*,
  No. 18-15355, 2019 WL 2296150 (D.N.J. May 30, 2019) ...............................17

*Buckley v. Trenton Savings Fund Society*,
  111 N.J. 355 (1988) ...........................................................................................29

*Burrell v. DFS Servs., LLC*,
  753 F. Supp. 2d 438 (D.N.J. 2010)....................................................................17

*C.R. Bard, Inc. v. Guidant Corp.*,
  997 F. Supp. 556 (D. Del. 1998)........................................................................15

*Century Indem. Co.* v. *Certain Underwriters at Lloyd's, London*,
  584 F.3d 513 (3d Cir. 2009) ..............................................................................11

*Cheng v. PayPal, Inc.*,
  No. 21-cv-03608, 2022 WL 126305 (N.D. Cal. Jan. 13, 2022) ........................10

*Chiang v. Verizon New England Inc.*,
  595 F.3d 26 (1st Cir. 2010)................................................................................24

*Cumberland Cnty. Improvement Auth. v. GSP Recycling Co.*,
  358 N.J. Super. 484 (App. Div. 2003) ................................................................25

*Davenport v. Capio Partners LLC*,
  No. 1:20-cv-01700, 2021 WL 1666977 (M.D. Pa. Apr. 28, 2021),
  *reconsideration denied*, No. 1:20-cv-01700, 2022 WL 202952
  (M.D. Pa. Jan. 21, 2022) ...................................................................................21

*Dean Witter Reynolds, Inc.* v. *Byrd*,
  470 U.S. 213 (1985) ............................................................................................6

*Dufresne v. PayPal, Inc.*,
  No. 8:21-cv-560, ECF No. 12 (M.D. Fla. April 6, 2021) ...................................10

*E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin
  Intermediates, S.A.S.*,
  269 F.3d 187 (3d Cir. 2001) ...............................................................................15

*Ebner* v. *Fin. Architects, Inc.*,
  763 F. Supp. 2d 697 (D. Del. 2011) .....................................................................8

*Egues v. Nelnet Servicing, LLC*,
  No. 21-802, 2021 WL 3486904 (D.N.J. Aug. 9, 2021) ......................................23

*Evans et al. v. PayPal, Inc.*,
  No. 22-cv-00248, 2022 WL 1813993 (N.D. Cal. June 2, 2022) .........................10

*Evonik Corp. v. Hercules Grp., Inc.*,
  No. 16-7098, 2018 WL 5095991 (D.N.J. Oct. 18, 2018) ...................................27

*Farren v. RJM Acquisition Funding, LLC*,
  No. 04-995, 2005 WL 1799413 (E.D. Pa. July 26, 2005) ..................................21

*Friends for Health: Supporting N. Shore Health Ctr.* v. *PayPal, Inc.*,
  No. 17-cv-1542, 2018 WL 2933608 (N.D. Ill. June 12, 2018) ..........................10

*G.D. v. Kenny*,
  205 N.J. 275 (2011) ...........................................................................................18

*Garcia v. Midland Funding, LLC*,
  No. 15-6119, 2017 WL 1807563 (D.N.J. May 5, 2017) ......................................7

*Gatanas v. Am. Honda Fin. Corp.*,
  No. 20-07788, 2020 WL 7137854 (D.N.J. Dec. 7, 2020) ..................................23

*Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*,
  770 F. App'x 452 (11th Cir. 2019)...................................................................24

*JLM Indus., Inc. v. Stolt–Nielsen SA*,
  387 F.3d 163 (2d Cir. 2004) ............................................................................13

*John Hancock Mut. Life Ins. Co.* v. *Click*,
  151 F.3d 132 (3d Cir. 1998) ..............................................................................7

*Kuroda v. SPJS Holdings, L.L.C.*,
  971 A.2d 872 (Del. Ch. 2009) .............................................................26, 27, 28

*Morehouse v. PayPal, Inc.*,
  No. 21-cv-4012, 2022 WL 912966 (S.D.N.Y. Mar. 28, 2022) ........................10

*Myers v. Midland Credit Mgmt., Inc.*,
  No. 1:13-cv-2455, 2014 WL 981311 (M.D. Pa. Mar. 13, 2014).......................24

*Nezri v. PayPal, Inc.*,
  No. 22-cv-02112, ECF No. 14 (C.D. Cal. June 13, 2022) ................................10

*Osborn ex rel. Osborn* v. *Kemp*,
  991 A.2d 1153 (Del. 2010) .................................................................................8

*Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*,
  842 F.2d 1466 (3d Cir. 1988) ...........................................................................14

*Prograph Int'l Inc. v. Barhydt*,
  928 F. Supp. 983 (N.D. Cal. 1996)....................................................................12

*Shiyanbola v. Amazon, LLC*,
  No. N17C-08-302, 2018 WL 1216098
  (Del. Super. Ct. Mar. 8, 2018) ....................................................................29, 30

*Stephenson v. Capano Dev., Inc.*,
  462 A.2d 1069 (Del. 1983) ...............................................................................20

*Trippe Mfg. Co.* v. *Niles Audio Corp.*,
  401 F.3d 529 (3d Cir. 2005) ...............................................................................7

*Tutanji v. Bank of Am.*,
  No. 12-887, 2012 WL 1964507 (D.N.J. May 31, 2012) ...................................17

*Video Pipeline, Inc. v. Buena Vista Home Ent., Inc.*,
  275 F. Supp. 2d 543 (D.N.J. 2003) ...................................................................25

*Volt Info. Seis., Inc.* v. *Bd. of Trustees of Leland Stanford Junior
  Univ.*,
  489 U.S. 468 (1989) ...........................................................................................7

*Wade v. Kessler Institute*,
  343 N.J. Super. 338 (App. Div. 2001) ...............................................................27

*Washington v. Freedom Mortg.*,
  No. 1:20-cv-09332, 2021 WL 1100637 (D.N.J. Mar. 23, 2021) .................16, 17

*Wilcox & Fetzer, Ltd. v. Corbett & Wilcox*,
  No. 2037-N, 2006 WL 2473665 (Del. Ch. Aug. 22, 2006) ...............................12

*Winston v. Mandor*,
  710 A.2d 835 (Del. Ch. 1997) ...........................................................................25

*Wright v. Pepsi Cola Co.*,
  243 F. Supp. 2d 117 (D. Del. 2003) ...................................................................18

**Statutes**

Fed. R. Civ. P. 12(b)(6) ............................................................................................1

9 U.S.C. § 2 .............................................................................................................6

15 U.S.C. § 1681 *et seq.* ...................................................................................*passim*

**Regulations**

16 C.F.R. § 660.2(c) ...............................................................................................22

Defendants PayPal, Inc. ("PayPal") and PayPal Holdings, Inc. ("PayPal Holdings"), by and through their undersigned counsel, hereby submit this Memorandum of Law in Support of their Motion to Compel Arbitration or, in the alternative, dismiss Plaintiff Marc A. Stephens' ("Plaintiff") Complaint pursuant to *Fed. R. Civ. P.* 12(b)(6).

## I.   <u>INTRODUCTION</u>

Plaintiff's claims against PayPal and PayPal Holdings are subject to a valid and enforceable arbitration agreement and must dismissed.  Plaintiff admits that his relationship with PayPal is governed by the terms of its User Agreement and further acknowledges this User Agreement is a "contract" between the parties. Notwithstanding, Plaintiff disregards the express arbitration provision that requires "any and all disputes or claims" between Plaintiff and PayPal be "resolved exclusively through final and binding arbitration."  Plaintiff's claims are based on his contention that PayPal breached the terms of its User Agreement by refunding certain unauthorized transactions and restricting access to his PayPal Account. These claims fall squarely within the scope of the unambiguous and enforceable arbitration provision contained in the User Agreement.  Accordingly, PayPal and PayPal Holdings respectfully request that the Court grant its Motion to Compel Arbitration and require Plaintiff to arbitrate his claims against PayPal and PayPal Holdings.

In the alternative, Plaintiff's individual claims against PayPal and PayPal Holdings fail to state a valid claim for relief and his entire pleading should be dismissed as a matter of law. First, Plaintiff fails to allege any facts that could sustain a claim against PayPal Holdings, PayPal's parent company. Second, Plaintiff's claims of defamation, fraud, and intentional infliction of emotional distress are preempted by the Fair Credit Reporting Act ("FCRA"). Third, Plaintiff fails to state a claim for breach of contract or breach of good faith and fair dealing, as these claims are precluded by the express terms of the User Agreement that is referenced and partially attached to Plaintiff's Complaint. Finally, Plaintiff's remaining claims of fraud, intentional infliction of emotional distress, and violations of the FCRA fail to sufficiently allege the fundamental elements of these claims as set forth in detail below. Thus, to the extent Plaintiff is not compelled to arbitrate his claims, his Complaint against PayPal and PayPal Holdings must nevertheless be dismissed in its entirety.

## II.   <u>STATEMENT OF FACTS</u>

PayPal provides digital payment services that allow its users to buy, sell, and send money securely. (*Certification of Jill Potter ("Potter Cert."), ¶ 3*); (*DE 1, Complaint ("Compl.") ¶ 7*). Plaintiff alleges that he maintained an account with PayPal. (*Compl., ¶ 13*). Plaintiff further admits that PayPal users agree to PayPal's User Agreement, which is a "contract" between it and its users. (*Compl., ¶ 14*).

Plaintiff alleges that the User Agreement provides that "[b]y opening and using a PayPal account, you agree to comply with all terms and conditions of this user agreement." (*Compl., ¶ 80*).

PayPal's records indicate that Plaintiff created and registered a PayPal business account with an account number ending -7715 on October 25, 2017 (the "PayPal Account"). (*Potter Cert., ¶¶ 10-11, **Exhibit A***). At the time Plaintiff created and registered the PayPal Account, PayPal required users to check a box confirming they have read and agreed to the User Agreement and click a button stating "Agree and Create Account" on the online registration form. (*Potter Cert., ¶ 8*). The terms of the User Agreement are available for review through a bolded and underlined hyperlink contained within the acceptance prompt. (*Potter Cert., ¶¶ 8-9*). In order to create his account, Plaintiff was required to accept the terms of the User Agreement that was provided to him at the time he created his account by affirmatively checking a box and clicking a button indicating that he agreed to its terms. (*Potter Cert., ¶¶ 6-8*). A user cannot register for a PayPal account without agreeing to the terms and conditions of the User Agreement that is in operation at the time the user signs up. (*Potter Cert., ¶ 7*). PayPal's internal records demonstrate that Plaintiff's account was created on October 25, 2017 and he accepted the User Agreement on the same day (the "2017 User Agreement"). (*Potter Cert., ¶ 12, **Exhibit A***).

3

The 2017 User Agreement contains the terms and conditions governing the use of a PayPal account and PayPal services, including an Agreement to Arbitrate any disputes with PayPal. (*Potter Cert., ¶¶ 13, 17, **Exhibit B***).  It provides that "You and PayPal agree that any claim or dispute at law or equity that has arisen or may arise between us will be resolved in accordance with the Agreement to Arbitrate provisions set forth below" (the "Arbitration Provision").  (*Potter Cert., ¶ 17, **Exhibit B).**  The Arbitration Provision states:

> You and PayPal each agree that any and all disputes or claims that have arisen or may arise between you and PayPal, including without limitation federal and state statutory claims, common law claims, and those based in contract, tort, fraud, misrepresentation or any other legal theory, shall be resolved exclusively through final and binding arbitration, rather than in court, except that you may assert claims in small claims court, if your claims qualify and so long as the matter remains in such court and advances only on an individual (non-class, non-representative) basis. This Agreement to Arbitrate is intended to be broadly interpreted. The Federal Arbitration Act governs the interpretation and enforcement of this Agreement to Arbitrate.

(*Potter Cert., ¶ 20, **Exhibit B, pg. 35).***

Plaintiff's Complaint is based on certain alleged actions taken by PayPal and/or relating to the PayPal Account.  Without distinguishing between the parties, Plaintiff alleges that PayPal and PayPal Holdings, which he simply refers to collectively as "PayPal" throughout his Complaint, "operate[] as a payment processor for online vendors worldwide… ."  (*Compl., ¶ 7*).  Plaintiff alleges that "PayPal's User Agreement is a contract between PayPal and its Customers, such as

Plaintiff Marc Stephens." (*Compl., ¶ 14*).  Plaintiff acknowledges the User Agreement provides that by opening and using his PayPal Account, users "agree to comply with all terms and conditions of this user agreement."  (*Compl., ¶ 80*).

While Plaintiff's Complaint is far from clear, he alleges that the "Defendants": (i) improperly refunded an allegedly unauthorized transfer to his account; (ii) switched his account to automatic billing without his authorization; (iii) "shut down" his PayPal account after receiving his complaint; and (iv) inaccurately furnished credit information to the credit reporting agencies.  (*Compl., ¶¶ 10, 13, 18, 32*). Many of the allegations do not distinguish between which "Defendant" is being referred to and instead, simply combine all seven "Defendants" into one indistinguishable group pleading.  (*Compl., ¶¶ 21 22, 25, 27, 32, 34-35, 38, 41-44, 47-48, 52-53, 55, 57-60, 62-66*).  Based on these allegations, Plaintiff filed a Complaint against PayPal, PayPal Holdings, Synchrony Financial, Equifax, Inc., Equifax Information Services LLC, Equifax Consumer Services LLC, and Experian Information Solutions, Inc., asserting the following causes of action against "all Defendants":

- Defamation of Character (First Cause of Action);

- Willful Non-Compliance with the Fair Credit Reporting Act ("FCRA") (Second Cause of Action);

- Negligent Non-Complaint with the Fair Credit Reporting Act ("FCRA") (Third Cause of Action);

- Common Law Fraud (Fourth Cause of Action);

- Breach of Contract and Implied Covenant of Good Faith and Fair Dealing (Fifth Cause of Action); and

- Intentional Infliction of Emotional Distress (Sixth Cause of Action).

As set forth in detail below, Plaintiff's claims against PayPal and PayPal Holdings fall squarely within the scope of the Arbitration Provision and must be arbitrated. In the alternative, Plaintiff's Complaint fails to adequately state a claim against PayPal and PayPal Holdings and must be dismissed.

## III.  <u>ARGUMENT</u>

### A.  **Plaintiff's Claims Against PayPal and PayPal Holdings Must Be Arbitrated**

#### 1.  **Applicable Federal Law Favors Arbitration**

The Federal Arbitration Act ("FAA"), which governs agreements to arbitrate implicating interstate commerce, provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc.* v. *Byrd*, 470 U.S. 213, 218 (1985). "[T]he FAA pre-empts state laws which 'require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration.'" *Volt Info. Seis., Inc.* v. *Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S.

468, 478 (1989) (citation omitted).

In deciding whether to compel arbitration, the Court must determine "(1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement." *Trippe Mfg. Co.* v. *Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005). "When determining both the existence and the scope of an arbitration agreement, there is a presumption in favor of arbitrability." *Id.* To resolve whether a valid arbitration agreement exists, "the court must apply ordinary contractual principles, with a healthy regard for the strong federal policy in favor of arbitration." *John Hancock Mut. Life Ins. Co.* v. *Click*, 151 F.3d 132, 137 (3d Cir. 1998) (citation omitted); *see also Alidments Krispy Kernels, Inc.* v. *Nichols Farms*, 851 F.3d 283, 288 (3d Cir. 2017) ("The legal standard is simply that we apply the relevant state contract law to questions of arbitrability...."). "[O]nly upon a showing of 'fraud, duress, mistake, or some other ground recognized by the law applicable to contracts' may the federal court find an arbitration clause to be invalid." *Garcia v. Midland Funding*, *LLC*, No. 15-6119, 2017 WL 1807563, at *2 (D.N.J. May 5, 2017) (*quoting Seus* v. *John Nuveen & Co.*, 146 F.3d 175,185 (3d Cir. 1998) *(overruled on other grounds by Green Tree Financial Corp. Ala.* v. *Randolph*, 531 U.S. 79 (2000)).

For the reasons set forth below, Plaintiff's claims must be arbitrated because they fall squarely within the scope of the valid and enforceable Arbitration Provision.

**2.     The User Agreement is a Valid Contract that Contains an Enforceable Arbitration Provision**

Plaintiff's Complaint effectively admits that his claims against PayPal and PayPal Holdings are governed by an enforceable agreement to arbitrate.  Pursuant to Delaware law, which governs the parties' dispute, "a valid contract exists when (1) the parties intended that the contract would bind them, (2) the terms of the contract are sufficiently definite, and (3) the parties exchange legal consideration."[1] *Osborn ex rel. Osborn* v. *Kemp*, 991 A.2d 1153, 1158 (Del. 2010).  As set forth below, Plaintiff's own admissions and the undisputed facts demonstrate the existence of an enforceable agreement to arbitrate.

Here, the elements necessary to establish the existence of an enforceable agreement to arbitration have been admitted by the Plaintiff in his pleading. Specifically, Plaintiff admits that the User Agreement is a valid "contract" between the parties.  (*Compl., ¶ 14*).  Plaintiff further admits that the User Agreement stated that "[b]y opening and using a PayPal account, you agree to comply with all of the terms and conditions of this user agreement."  (*Compl., ¶ 80*).  The User Agreement

---

[1]  The User Agreement contains a Delaware choice-of-law provision, which governs the issue of the contract's validity. *(See Potter Cert., **Exhibit B**, at pg. 39)*. "When an agreement contains both a choice-of-law clause and an arbitration clause, the reviewing court will apply the substantive law of the state named in the choice of law clause." *See Ebner* v. *Fin. Architects, Inc.,* 763 F. Supp. 2d 697, 700 (D. Del. 2011)(*citing Mastrobuono* v. *Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63-64 (1995)).

also contained a clear and unambiguous Arbitration Provision that required "any and all disputes or claims that have arisen or may arise between you and PayPal, including without limitation federal and state statutory claims, common law claims, and those based in contract, tort, fraud, misrepresentation or any other legal theory, shall be resolved exclusively through final and binding arbitration, rather than in court… ." (*Potter Cert., ¶ 20, **Exhibit B**, pg. 35*).  This Arbitration Provision was included in the User Agreement that was referenced in the Complaint and which Plaintiff admits was the operative "contract" between the parties.  (*Compl., ¶ 14*).  Thus, it is undisputed that a valid agreement between the parties exists and this agreement contains an unambiguous Arbitration Provision.

Even if Plaintiff did not acknowledge the enforceability of the User Agreement, it is undisputed that Plaintiff consented to the terms of the User Agreement in consideration for opening his PayPal Account and was provided a copy of the User Agreement at that time.  (*Potter Cert., **Exhibit B***).  As set forth above, Plaintiff was required to consent to the terms of the User Agreement by affirmatively acknowledging he read and accepted its terms by clicking a button at the time he registered his account.  (*Potter Cert., ¶ 8*).  In fact, Plaintiff could not create an account without accepting these terms.  (*Potter Cert., ¶ 6*).  The User Agreement, which Plaintiff acknowledged he read and accepted, contained an Arbitration Provision, which governs the terms of his dispute.  Courts have routinely

9

enforced and compelled arbitration pursuant to the valid and enforceable arbitration provision contained in PayPal's User Agreement.[2]

The User Agreement, and the Arbitration Provision contained therein, create a valid and enforceable agreement between PayPal, PayPal Holdings, and Plaintiff.

### 3.    Plaintiff's Claims Fall Squarely Within the Scope of the Arbitration Provision

All of Plaintiff's claims against PayPal and PayPal Holdings are within the clear scope of the broad Arbitration Provision governing disputes between the parties.

"[O]nce a court has found that there is a valid agreement to arbitrate, . . . the determination of whether a particular dispute is within the class of those disputes governed by the arbitration clause is a matter of federal law." *Century Indem. Co.*

---

[2] *See Cheng v. PayPal, Inc.*, No. 21-cv-03608, 2022 WL 126305, at *5 (N.D. Cal. Jan. 13, 2022); *see also Friends for Health: Supporting N. Shore Health Ctr.* v. *PayPal, Inc.*, No. 17-cv-1542, 2018 WL 2933608, at *6 (N.D. Ill. June 12, 2018) (enforcing the User Agreement's arbitration provision and granting PayPal's motion to compel arbitration); *Morehouse v. PayPal, Inc.*, No. 21-cv-4012, 2022 WL 912966, at *8 (S.D.N.Y. Mar. 28, 2022) (compelling arbitration based on PayPal debit card cardholder agreement); *Nezri v. PayPal, Inc.*, No. 22-cv-02112, ECF No. 14 (C.D. Cal. June 13, 2022) (granting PayPal's motion to dismiss and compel arbitration based on PayPal agreement); *Evans et al. v. PayPal, Inc.*, No. 22-cv-00248, 2022 WL 1813993, at *5 (N.D. Cal. June 2, 2022) (finding PayPal agreement contained valid and enforceable arbitration agreement, and compelling arbitration and dismissing the case); *Dufresne v. PayPal, Inc.*, No. 8:21-cv-560, ECF No. 12 (M.D. Fla. April 6, 2021) (same).

v. *Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 524 (3d Cir. 2009) (internal quotation marks omitted). Under federal law, "[i]n determining whether the particular dispute falls within a valid arbitration agreement's scope, there is a presumption of arbitrability:" arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* (internal quotation marks omitted).

The express written terms of the User Agreement demonstrate that all of Plaintiff's claims fall within the scope of the arbitration agreement. The User Agreement broadly calls for arbitration of all claims between Plaintiff and PayPal, "including without limitation federal and state statutory claims, common law claims, and those based in contract, tort, fraud, misrepresentation or any other legal theory." *(See Potter Cert.; **Exhibit B**, pg. 35*).

Here, Plaintiff's claims arise from his PayPal Account and his claims that PayPal improperly refunded an alleged unauthorized payment, put a hold on his account, and inaccurately reported him to the credit reporting agencies. (*Compl.,* ¶¶ *10, 11, 34*). Plaintiff's defamation, breach of contract, fraud, intentional infliction of emotional distress, and FCRA claims arise from these allegations and therefore fall within the broad scope of the Arbitration Provision that requires "any and all disputes or claims" between PayPal and Plaintiff to be arbitrated.

While PayPal Holdings, PayPal's corporate parent, is not a signatory to the User Agreement, the Arbitration Provision still mandates Plaintiff's claims against it be arbitrated.  Under Delaware law, non-signatories to a contract may enforce arbitration where (i) a signatory relies upon the terms of the agreement to assert claims against the non-signatory or; (ii) where the signatory raises allegations of concerted actions between the non-signatory and the signatory to the agreement. *See Wilcox & Fetzer, Ltd. v. Corbett & Wilcox*, No. 2037-N, 2006 WL 2473665, at *5 (Del. Ch. Aug. 22, 2006).  As set forth in detail above, Plaintiff's claims do not distinguish between PayPal, PayPal Holdings, or the other Defendants for that matter.  Instead, Plaintiff's claims against the "Defendants," including PayPal Holdings, are largely based on, and arise out of the User Agreement that contains the Arbitration Provision.  Further, courts routinely enforce arbitration provisions for claims brought against corporate parents, like PayPal Holdings here, where the claims are indistinguishable. *See Prograph Int'l Inc. v. Barhydt*, 928 F. Supp. 983, 990 (N.D. Cal. 1996) (holding that "[a]gency principles have been held to permit non-signatory corporations to compel arbitration under arbitration clauses signed by their corporate parents, subsidiaries, or affiliates, at least when the allegations against the non-signatory corporation do not differ substantially from those against its signatory affiliate."); *see JLM Indus., Inc. v. Stolt–Nielsen SA*, 387 F.3d 163, 178 (2d Cir. 2004) (holding that non-signatory parent company could compel arbitration

based on agreement signed by subsidiary);

As such, Plaintiff's claims against PayPal and PayPal Holdings clearly fall within the scope of the Arbitration Provision and must be arbitrated.

**B.    In the Alternative, Plaintiff's Claims Against PayPal and PayPal Holdings Must be Dismissed as a Matter of Law**

### 1.    Motion to Dismiss Standard

While a court must accept a party's factual allegations as true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  In *Twombly*, the Supreme Court held that "Rule 8(a)(2) … requires a 'showing' rather than a blanket assertion, of entitlement to relief [and]…[w]ithout some factual allegation[s] in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 555, n.3.

The Supreme Court elaborated on the *Twombly* decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In *Iqbal,* the Supreme Court found that the motion to dismiss standard does not require a court to accept a party's legal conclusions as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555).  The Supreme Court also explained that any pleading which merely

"offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will be subject to dismissal.  *Id.*

**2.    Plaintiff Fails to Plead Any Viable Claims Against PayPal Holdings, PayPal's Parent Company**

In his description of the parties in this matter, Plaintiff intertwines the two PayPal Defendants as one, alleging Defendant PayPal, Inc., PayPal Holdings, Inc. collectively "operate as a payment processor for online vendors worldwide, and conducts business within this District." (*Compl., ¶ 7).*  Plaintiff cannot state a claim against PayPal Holdings, Inc. by ignoring their distinct corporate forms and including conclusory allegations against both parties.

PayPal Holdings, Inc. is the parent company of PayPal, Inc.  (*Potter Cert. ¶ 1).*  PayPal Holdings, Inc. is not a party to Plaintiff's contract.  (*Potter Cert., **Exhibit B***).  Plaintiff has not made any specific allegations against PayPal Holdings, Inc., or otherwise identified why PayPal Holdings, Inc. has been named as a Defendant in this matter.  To the extent Plaintiff has included PayPal Holdings, Inc. as a party under some agency theory, that theory fails as a matter of law.

An agency analysis must focus on the authority or control over the specific alleged wrongdoing at issue. *Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988) (explaining that, for agency liability, proponent must demonstrate not only that "an arrangement exist[s] between the two corporations so that one acts on behalf of the other and within usual agency principles" but also that

"the arrangement must be relevant to the plaintiff's claim of wrongdoing"); *B&B Fin. Servs., LLC v. RFGV Festivals, LLC*, No. K18C-11-040, 2019 WL 5849770, *3 (Del. Super. Ct. Nov. 7, 2019) (granting motion to dismiss vicarious liability claim and noting that principal is only "liable for torts committed by an agent … where the agent's tortious conduct is undertaken pursuant to the agency relationship"); *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 560 (D. Del. 1998) ("[U]nder the agency theory 'only the precise conduct shown to be instigated by the parent is attributed to the parent.'").  In the context of a parent-subsidiary relationship, the parent can be vicariously liable for the subsidiary's conduct only to the extent "that the agent was acting on behalf of the principal and that the cause of action arises out of that relationship."  *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 198 (3d Cir. 2001) (holding that district court "correctly rejected" agency argument despite allegations of purported principal's "intimate involvement").

Plaintiff has not alleged any facts in support of any agency claim against PayPal Holdings.  Aside from indiscriminately grouping PayPal Holdings and PayPal together, Plaintiff has not made a single factual allegation regarding PayPal Holdings.  For example, there is not a single allegation explaining the relationship between the parties or PayPal Holding's involvement in the actions that allegedly serve as the basis for Plaintiff's Complaint.  If bare-bones allegations, like those

made by the Plaintiff here, were sufficient to hold one entity liable for the actions of another, the scope of vicarious liability would be limitless, imposing liability on entities that neither engaged in nor controlled misconduct.  However, that is simply not the law.   Accordingly, all claims against PayPal Holdings, Inc. must be dismissed.

### 3.   Plaintiff's Claims of Defamation, Fraud, and Intentional Infliction of Emotional Distress are Preempted by the FCRA

Plaintiff's defamation, fraud, and intentional infliction of emotional distress claims are expressly preempted by the FCRA and must be dismissed as a matter of law.  Specifically, these common law claims are based on Plaintiff's contention that the "Defendants [are] falsely reporting that Plaintiff is 120 days late on accounts SYNCH/PPMC" and/or violated the FCRA.  (*Compl., ¶¶ 41, 48, 83*).   However, the FCRA expressly preempts common law claims, such as those asserted here by Plaintiff, and these claims must therefore be dismissed as a matter of law.

The FCRA expressly states that "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." *Washington v. Freedom Mortg.*, No. 1:20-cv-09332, 2021 WL 1100637, at *3 (D.N.J. Mar. 23, 2021) (*citing* 15 U.S.C. § 1681t(b)(1)(F)).   This Court has found that the FCRA's preemption extends to common law and statutory claims including claims of defamation, fraud,

and intention infliction of emotional distress. *See id.; see also Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 451 (D.N.J. 2010) ("[Section 1681t(b)(1)(F)] leaves no room for state law claims against furnishers of information ... regardless of whether those claims are couched in terms of common law or state statutory obligations."); *Bertollini v. Harrison*, No. 18-15355, 2019 WL 2296150, at *4 (D.N.J. May 30, 2019) (finding that § 1681t(b)(1)(F) expressly preempts plaintiff's state common law claims for defamation, fraud, and negligence); *Tutanji v. Bank of Am.*, No. 12-887, 2012 WL 1964507, at *7 (D.N.J. May 31, 2012) ("[p]laintiff's common law claims pertaining to [d]efendant's credit reporting are preempted pursuant to 15 U.S.C. § 1681t(b)(1)(F).").

Here, Plaintiff's defamation, fraud, and intentional infliction of emotional distress claims fall squarely within the scope of FCRA preemption. These common law claims are premised on PayPal and PayPal Holding's alleged "inaccurate reporting" and their purported failure to comply with the FCRA provisions. (*Compl., ¶¶ 48, 58, 72, 73, 77, 83*). As such, these state common law claims are expressly preempted by the FCRA and must therefore be dismissed as a matter of law.

**4.    Plaintiff's Individual Causes of Action Against PayPal and PayPal Holdings Fail**

**i.    Plaintiff Fails to State a Claim For Defamation**

Plaintiff's defamation claim fails to allege any facts to support the fundamental elements of his claim.  In order to state a valid claim for relief under Delaware law, a plaintiff bringing a claim for defamation must plead five elements: "(1) defamatory communication; (2) publication; (3) the communication refers to the plaintiff; (4) a third party's understanding of the communication's defamatory character; and (5) injury."  *Wright v. Pepsi Cola Co.*, 243 F. Supp. 2d 117, 124 (D. Del. 2003).[3]

Here, Plaintiff alleges "Defendants are falsely reporting that Plaintiff is 120 days late on accounts(sic) SYNCB/PPMC, but the debt has not been proven to be owed by Plaintiff."  *(Compl., ¶ 41, Ex. 15 (credit reporting on account ending -3506)).*  Plaintiff further alleges that "Defendants communicated the false inaccurate statement regarding account, SYNCB/PPMC, to multiple third parties, damaging the reputation of Plaintiff Marc Stephens."  *(Compl., ¶ 42, Ex. 16).*  However, Plaintiff

_____

[3] Even if examined under New Jersey law, Plaintiff's defamation claim fails to state a viable claim for relief.  To bring a defamation claim under New Jersey law, a plaintiff must show: "(1) that defendants made a false and defamatory statement concerning [plaintiff]; (2) that the statement was communicated to another person (and not privileged); and (3) that defendants acted negligently or with actual malice." *G.D. v. Kenny*, 205 N.J. 275, 292-93 (2011).

has not and cannot allege that either PayPal or PayPal Holdings made the allegedly defamatory communication regarding his account being 120 days late.  In fact, the exhibits Plaintiff filed with his Complaint reflect Plaintiff's own admission that Synchrony Bank – not PayPal or PayPal Holdings – was the entity responsible for reporting the account as 120 days late.  Plaintiff also alleges he wrote multiple letters attempting to have the account removed from his credit report.  In each letter, Plaintiff identified Synchrony Bank – not PayPal or PayPal Holdings –  as both the "creditor" and the "furnisher of information" on the account ending -3506.  (*See Compl., Ex. 11 (12/7/2021 letter), Ex. 12 (12/14/2021 letter), Ex. 13 (3/1/2022 letter), and Ex. 14 (3/21/2022 letter)*).

Plaintiff has not identified any allegedly defamatory communication that refers to him that was published by PayPal or PayPal Holdings.  Plaintiff has not alleged any third-party's understanding of the communication's defamatory character.  Last, Plaintiff has not alleged any injury related to any allegedly defamatory statement made by PayPal or PayPal Holdings.

Thus, Plaintiff has not met the most basic requirements for making a defamation claim and Plaintiff cannot rely on conclusory statements and allegations directed at all "Defendants" to support his claims.  *Iqbal*, 556 U.S. at 663 (*citing Twombly*, 550 U.S. at 555).  For these reasons, Plaintiff's defamation claim fails as a matter of law and must be dismissed.

### ii.      Plaintiff's Fraud Claim Fails As A Matter of Law

Plaintiff's fraud claim fails to state a plausible claim for relief against PayPal and PayPal Holdings.  Under Delaware law, in order to maintain a claim for fraud, Plaintiff must plead "1) a false representation, usually one of fact, made by the defendant; 2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; 3) an intent to induce the plaintiff to act or to refrain from acting; 4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and 5) damage to the plaintiff as a result of such reliance." *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983).[4] Plaintiff has not pled a claim for fraud that could possibly be maintained against PayPal or PayPal Holdings.

Plaintiff has not alleged that any false representation was made by PayPal or PayPal Holdings.  Plaintiff has not alleged that any representation was made to him by PayPal or PayPal Holdings, knowing it was false or with reckless indifference to the truth.  Plaintiff has not alleged that PayPal or PayPal Holdings intended to induce

---

[4] Plaintiff has not and cannot state a fraud claim under New Jersey law.  To state a claim under New Jersey law, the Plaintiff must allege a defendant (1) made a false representation of a material fact, (2) knew or should have known that the representation was false, and (3) intended to induce the plaintiff to rely on the representation.  *See Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-73 (2005). In addition, the plaintiff: (4) must have actually relied on the representation in a manner justifiable under the circumstances and (5) suffered damage as a result of his reliance.  *See id.*

him to act or refrain from acting.  Plaintiff has not claimed he took any action or refrained from taking any action in justifiable reliance on a representation.  Lastly, Plaintiff has not identified any damages he suffered as a result of any reliance.

Plaintiff has not pled any of the elements necessary to maintain a  fraud claim against PayPal or PayPal Holdings.  As such, the fraud claim must be dismissed.

### iii.    Plaintiff's FCRA Claims Must be Dismissed against PayPal and PayPal Holdings

Plaintiff's FCRA claims against PayPal and PayPal Holdings are fundamentally flawed and should be dismissed as a matter of law.

First, Plaintiff asserts claims against the "Defendants," presumably including PayPal and PayPal Holdings for violations of §1681e(b), §1681i, §1681s-2(b), §1681b(a), and §1681g.  (*Compl., ¶¶ 60, 61*).  Yet, the obligations under §1681e, §1681i, §1681b(a), and §1681g apply **only** to "credit reporting agencies" under the Act.[5]  PayPal and/or PayPal Holdings are not alleged to be "credit reporting

---

[5] *See Davenport v. Capio Partners LLC*, No. 1:20-cv-01700, 2021 WL 1666977, at *9 (M.D. Pa. Apr. 28, 2021), *reconsideration denied*, No. 1:20-cv-01700, 2022 WL 202952 (M.D. Pa. Jan. 21, 2022) (granted motion to dismiss where plaintiff sought to apply §1681e(b) against furnisher); *see also Farren v. RJM Acquisition Funding, LLC*, No. 04-995, 2005 WL 1799413, at *7 (E.D. Pa. July 26, 2005).

agencies" under the FCRA and therefore Plaintiff's claims under these sections fail to state a viable claim for relief.[6]

Second, Plaintiff's claim for violations of §1681s-2(b) relates only to the obligations of "furnishers" under the FCRA. "Furnishers" are defined as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 16 C.F.R. § 660.2(c). Aside from Plaintiff's conclusory allegations, there is nothing to suggest that PayPal or PayPal Holdings furnished any information relating to Plaintiff to any credit reporting agencies. Instead, Plaintiff alleges that the disputes relating to his SYNCB/PPMC Account were communicated to various individuals at "Synchrony." (*Compl.*, ¶¶ *23, 28*). However, these communications, which were attached to Plaintiff's Complaint, show that Synchrony, not PayPal or PayPal Holdings, was the "furnisher" on his SYNCB/PPMC Account. As such, Plaintiff's FCRA claims against PayPal and PayPal Holdings must be dismissed because he has failed to plead any allegations that suggest either entity is a "credit reporting agency" or "furnisher" under the FCRA.

---

[6] "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a.

Third, even if Plaintiff could sufficiently allege PayPal and/or PayPal Holdings were a "furnisher" under the FCRA, which he cannot, he fails to plausibly state a claim for relief under §1681s-2(b).  In order to state a claim against a furnisher of information under this provision, a plaintiff must plead that he/she: "(1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information."  *Egues v. Nelnet Servicing, LLC*, No. 21-802, 2021 WL 3486904, at *2 (D.N.J. Aug. 9, 2021). "To satisfy *Twombly-Iqbal*, a consumer must include some factual details on these elements to show that his right to relief is plausible."  *Gatanas v. Am. Honda Fin. Corp.*, No. 20-07788, 2020 WL 7137854, at *2 (D.N.J. Dec. 7, 2020) (*citing Bello v. Capital One Bank (USA) N.A.*, No. 20-01218, 2020 WL 728804, at *3 (D.N.J. Feb. 13, 2020); *Visconti v. Trans Union, LLC*, No. 19-00581, 2019 WL 5418093, at *4 (D.N.J. Oct. 23, 2019)).

Plaintiff's Complaint fails to allege the fundamental elements of his FCRA claims because he has not, and cannot, allege any factual detail, to indicate that any notice was ever sent to PayPal or PayPal Holdings.  As described above, the facts do not suggest PayPal or PayPal Holdings were the furnisher and there is nothing to suggest that it would have ever received any notice from the credit reporting agencies relating to his alleged credit dispute.

Finally, Plaintiff fails to sufficiently allege any inaccuracy in reporting that could serve as the basis of his FCRA claims. Instead, the crux of Plaintiff's claim relates to his contention that "the Defendants" failed to validate or provide him proof of the obligation. (*Compl., ¶¶ 20-27, 38*). This is not the type of "factual inaccuracy" that could support a FCRA claim against PayPal or PayPal Holdings. *See Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019) ("A plaintiff must show a factual inaccuracy rather than the existence of disputed legal questions to bring suit against a furnisher under § 1681s-2(b)."); *see also Chiang v. Verizon New England Inc*., 595 F.3d 26, 38 (1st Cir. 2010) ("We emphasize that, just as in suits against CRAs, a plaintiff's required showing is *factual* inaccuracy, rather than the existence of disputed legal questions.").

Courts have considered similar allegations and found they could not plausibly state an FCRA claim. *See Myers v. Midland Credit Mgmt., Inc*., No. 1:13-cv-2455, 2014 WL 981311, at *5 (M.D. Pa. Mar. 13, 2014) ("to the extent Myers seeks to impose liability upon Defendants due to their failure to provide her with certain specific pieces of information … does not require a furnisher like Midland to provide such information, even if the consumer requests it…[and] [l]ikewise, as outlined above, §1681s–2(b) did not obligate Midland to supply the Plaintiff with this documentation.").

24

As such, Plaintiff's FCRA claims against PayPal and PayPal Holdings fail to state a plausible claim for relief and must be dismissed as a matter of law.

      **iv.**    **Plaintiff Fails to State Viable Claims for Breach of Contract and Breach of Good Faith and Fair Dealing**

Plaintiff's breach of contract and good faith and fair dealing claims fail to plausibly state a claim for relief.  Specifically, Plaintiff's Complaint fails to allege facts sufficient to demonstrate the essential elements of these claims and therefore fail as a matter of law.

In order to survive a motion to dismiss for failure to state a breach of contract claim, the plaintiff must allege: (1) the existence of the contract, whether express or implied; (2) the breach of an obligation imposed by that contract; and (3) the resultant damage to the plaintiff.[7]  *Winston v. Mandor*, 710 A.2d 835, 840 (Del. Ch. 1997).

---

[7] Plaintiff's breach of contract claim would similarly fail under New Jersey law. Under New Jersey law, a plaintiff asserting a breach of contract claim must allege: (1) a valid contract existed; (2) a party breached this contract; (3) the non-breaching party performed under the contract; and (4) the non-breaching party was damaged as a result of the breach.  *Video Pipeline, Inc. v. Buena Vista Home Ent., Inc.*, 275 F. Supp. 2d 543, 566 (D.N.J. 2003).  As the party bringing a claim for breach of contract, Plaintiff has the burden to plead facts sufficient to establish all elements of the claim.  *See Cumberland Cnty. Improvement Auth. v. GSP Recycling Co.*, 358 N.J. Super. 484, 503 (App. Div. 2003).

Plaintiff's breach of contract claim is based on his contention that PayPal withdrew $515 from his PayPal Account based on an allegedly unauthorized transaction. (*Compl., ¶ 10*). Plaintiff contends that this refund was improper because it did not qualify for "PayPal Purchase Protection" plan. (*Compl., ¶ 12*). However, PayPal maintains the express authority to invalidate and reverse transactions where a transaction was "unauthorized," regardless of whether any "Purchase Protection" plan applied. (*Potter Cert.,* **Exhibit B***, pg. 17*). The 2017 User Agreement expressly states that payments may be invalidated and reversed where "[t]he payment was unauthorized…." (*Id*.). Thus, Plaintiff's contention that PayPal breached the terms of the User Agreement when it reversed a payment that did not qualify for "Purchase Protection" is misplaced. Plaintiff's breach of contract claim therefore fails to state a valid claim for relief because he has not and cannot sufficiently identify any contractual term that was allegedly breached by PayPal.

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is also improperly pled. "The implied covenant of good faith and fair dealing inheres in every contract and 'requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits' of the bargain."[8] *Kuroda v. SPJS*

_____

[8] Plaintiff's claim that PayPal breached the implied covenant of good faith and fair dealing likewise fails under New Jersey law. Under New Jersey law, the implied

*Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009) (*citing Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005)). The implied covenant cannot be invoked to override the express terms of the contract. *Id.* (*citing Dave Greytak Enters., Inc. v. Mazda Motors of Am., Inc.*, 622 A.2d 14, 23 (Del. Ch. 1992)) ("[W]here the subject at issue is expressly covered by the contract, or where the contract is intentionally silent as to that subject, the implied duty to perform in good faith does not come into play."). To state a claim for breach of the implied covenant, a plaintiff "must allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff." *Id.* (*citing Fitzgerald v. Cantor*, No. 16297, 1998 WL 842316, at *1 (Del.Ch. Nov. 10, 1998)).

As set forth above, the 2017 User Agreement expressly permits the types of reversal that is the subject of Plaintiff's Complaint and it cannot therefore provide a basis of breach of good faith and fair dealing. Further, there are no allegations that that could be characterized as "unreasonable conduct" that prevented Plaintiff from

---

covenant of good faith and fair dealing precludes the contracting parties from acting in a manner that "destroy[s] or injur[es] the right of the other party to receive the fruits of the contract," and the implied covenant does not exist in the absence of a contract. *Wade v. Kessler Institute*, 343 N.J. Super. 338, 345 (App. Div. 2001) (*citing Noye v. Hoffmann-LaRoce, Inc.*, 238 N.J. Super. 430, 434 (App. Div.), *cert. denied*, 122 N.J. 146 (1990)). A plaintiff "cannot maintain a claim for breach of the implied covenant of good faith and fair dealing when the conduct at issue is governed by the terms of an express contract or the cause of action arises out of the same conduct underlying the alleged breach of contract." *Evonik Corp. v. Hercules Grp., Inc.*, No. 16-7098, 2018 WL 5095991, at *9 (D.N.J. Oct. 18, 2018).

receiving the fruits of the underlying agreement.  To the extent that Plaintiff's breach of good faith and fair dealing claim is based upon his contention that PayPal "put a hold on his account," this too is expressly permitted by the 2017 User Agreement and cannot serve as the basis for his breach of good faith and fair dealing claim. Specifically, the 2017 User Agreement permits PayPal to place a hold on a consumer's account in its sole discretion based on, among other things, its "risk decisions" as described in the User Agreement or where there was a "disputed transaction."  (*Potter Cert.*, **Exhibit B**, *pg. 24*).  As set forth above, Plaintiff's breach of good faith and fair dealing claim cannot survive where, as here, he is attempting to override the express terms of the contract.[9]  *Kuroda*, 971 A.2d at 888.

Based on the foregoing, Plaintiff's breach of contract and good faith and fair dealing claims must be dismissed as a matter of law.

> **v.    Plaintiff Has Not And Cannot State a Claim for Intentional Infliction of Emotional Distress Against PayPal or PayPal Holdings**

Plaintiff's claim for intentional infliction of emotional distress is entirely baseless and fails to state a valid claim for relief.  Under Delaware law, in order to plead a claim for intentional infliction of emotional distress, a plaintiff must show

---

[9] Plaintiff does not, because he cannot, allege that PayPal breached the terms of the User Agreement by placing his account on hold for a period of time.

that a defendant intentionally or recklessly caused severe emotional distress to the plaintiff by engaging in extreme and outrageous conduct.[10] *Shiyanbola v. Amazon, LLC*, No. N17C-08-302, 2018 WL 1216098, at \*2 (Del. Super. Ct. Mar. 8, 2018) (*citing Spence v. Cherian*, 135 A.3d 1282, 1288 (Del. Super. 2016)). Extreme and outrageous conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (*citing Farmer v. Wilson*, No. 91C-09-023, 1992 WL 331450, at \*4 (Del. Super. Sept. 29, 1992)).

Plaintiff fails to allege the type of "extreme and outrageous conduct" that could sustain an intentional infliction of emotional distress claim. Instead, Plaintiff's claims relating to his supposed emotional distress are premised on his contention that PayPal and PayPal Holdings continued to inaccurately report the subject accounts on his credit. (*Compl., ¶¶ 83-84*). This is simply not the type of "extreme

---

[10] Plaintiff's intentional infliction of emotional distress also fails to state a valid claim for relief under New Jersey law. In order to state a valid claim for intentional infliction of emotional distress under New Jersey law, a plaintiff must establish "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Buckley v. Trenton Savings Fund Society*, 111 N.J. 355, 366 (1988). Moreover, the plaintiff must establish facts that support a conclusion that the defendant acted intentionally or recklessly and intended both the act and to produce emotional distress. *Id.* In addition, the defendant's conduct must be, "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*

and outrageous conduct" that could sustain his intentional infliction of emotional distress claim. *Shiyanbola*, 2018 WL 1216098, at *2. Further, Plaintiff's claim that PayPal and PayPal Holdings inaccurately reported on his credit is not supported by any factual allegations for the reasons set forth above and thus cannot sustain an intentional infliction of emotional distress claim.

## IV.   <u>CONCLUSION</u>

For the reasons set forth in detail above, PayPal and PayPal Holdings' Motion to Compel should be granted and Plaintiff should be required to arbitrate his claims. In the alternative, Plaintiff's claims against PayPal and PayPal Holdings cannot state a valid claim for relief and must be dismissed as a matter of law.

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

By: <u>*/s/ Ryan L. DiClemente*</u>
    Ryan L. DiClemente

Dated: August 29, 2022