## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MARC A. STEPHENS,
Plaintiff,

v.

EQUIFAX, INC., EQUIFAX
INFORMATION SERVICES, LLC, AND
EQUIFAX CONSUMER SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., SYNCHRONY FINANCIAL, a
Delaware corporation
PAYPAL, INC., PAYPAL HOLDINGS,
INC., a Delaware corporation
Defendants

**D. N.J No**. 2:22-cv-01940-MCA-JBC

**PLAINTIFF'S NOTICE OF MOTION
FOR RECONSIDERATION OF
MOTION TO PROCEED ON
ORIGINAL RECORDS**

### NOTICE OF MOTIONS

PLEASE TAKE NOTICE that, on a date and at a time to be set by the Court, or as soon thereafter as counsel can be heard Plaintiff-Appellant Marc Stephens will move for an order (1) to proceed on original record with the United States Court of Appeals for the Third Circuit.

**Dated: June 1, 2026**

_____

Marc Stephens
Plaintiffs-Appellant, pro se
Marcstephens3@gmail.com
201-598-6268

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC A. STEPHENS,<br>Plaintiff,<br><br>v.<br><br>EQUIFAX, INC., EQUIFAX<br>INFORMATION SERVICES, LLC, AND<br>EQUIFAX CONSUMER SERVICES LLC,<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., SYNCHRONY FINANCIAL, a<br>Delaware corporation<br>PAYPAL, INC., PAYPAL HOLDINGS,<br>INC., a Delaware corporation<br>Defendants | **D. N.J No**. 2:22-cv-01940-MCA-JBC<br><br>**PLAINTIFF'S MOTION FOR<br>RECONSIDERATION OF MOTION TO<br>PROCEED ON ORIGINAL RECORDS** |

       Plaintiff-appellant Marc Stephens, pro se, respectfully moves the United States Court of Appeals TO PROCEED ON THE ORIGINAL RECORDS of the United States District Court for the State of New Jersey.  **The case is straightforward, and a decision can be determined very quickly by this court.**  Plaintiff-Appellant Marc Stephens sued the Defendants Equifax, Experian, Synchrony Financials, and PayPal for violations of the Fair Credit Reporting Act, 15U.S.C. § 1681, willful and negligent noncompliance with the FCRA, common law fraud, intentional infliction of emotional distress, and Defamation.  Marc Stephens is seeking over $6 million in damages.  **All pertinent evidence and transcripts are all filed on the District court record via ECF**. The <u>main issues</u> for this Court to consider on appeal is:

1. Whether the District court abused its discretion and erred in granting Defendants Motion for Summary Judgment in violation of Plaintiff's right to due process and right to trial by jury.

2. Whether the District court abused its discretion and erred in dismissing the plaintiff's motion to amend the complaint in violation of appellant's rights to due process.

**Dated: June 1, 2026**

_Marc Stephens_
_____
Marc Stephens
Plaintiffs-Appellant, pro se
Marcstephens3@gmail.com
201-598-6268

## **STATEMENT OF FACTS**

On **May 1, 2026**, Plaintiff filed a Motion to Proceed on the Original Record, **ECF 153**.

On **May 18, 2026**, Defendants filed a Motion in Opposition, **ECF 154**. Defendants argued that the Plaintiff did not file a Notice of Appeal. The statement is false because on May 1, 2026, the Plaintiff filed an Notice of Appeal, Motion to Proceed Informa Pauperis, Affidavit to Proceed Informa Pauperis, Concise Summary of the Case, and Civil Appeal Information Statement via ADS Webform Submission with the District Court, which is how Plaintiff has been submitting documents throughout the case, **EXHIBIT A**. The clerk's office in the District Court never processed the documents. Plaintiff usually waits until the documents are filed with the District Court, then forward the documents to the 3rd Circuit.

On **May 20, 2026**, Plaintiff contacted the clerk's office to find out why the documents were not filed. The clerk's office advised the Plaintiff to resubmit. On the same day, District Court Judge Clark, **ADMINISTRATIVELY TERMINATED** Plaintiff's Motion stating a Notice of Appeal was not filed, **ECF 155**.

On **May 21, 2026**, Plaintiff re-submitted all documents, **EXHIBIT B**.

On **May 22, 2026**, the Clerk's office finally filed Plaintiff's documents including the Notice of Appeal, **ECF 156, 160**.

On **June 1, 2026**, the 3rd Circuit issued a Case Opening Letter, docketed at case **#26-2277**, **EXHIBIT C**. Plaintiff is asking the court to reconsider its May 20, 2026, Order denying Plaintiff's Motion to Proceed on the Original Record.

**LEGAL ARGUMENT**

The Clerk's office did not file the Plaintiff documents on time causing prejudice to Plaintiff because his Motion to proceed on the original record was terminated.  "[F]ederal courts have a constitutional obligation to safeguard personal liberties and to uphold federal law." Stone v. Powell, 428 US 465 - Supreme Court 1976 at 526.  If a litigant wishes to bring additional information to the Court's attention the Court should, in the interest of justice (and in the exercise of sound discretion), consider the evidence" 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence. Cummings v. Bahr, 295 N.J.Super. 374, 384, 685 A.2d 60 (App.Div.1996) D'Atria v. D'Atria, 242 N.J. Super. [392,] 401 (Ch. Div. 1990).   It is necessary to correct a clear error of law or prevent manifest injustice.'" Bermingham v. Sony Corp. of Am., 820 F. Supp. 834, 856 (D.N.J. 1993), Harsco Corp. v. Zlotnicki, 779 F. 2d 906 - Court of Appeals, 3rd Circuit 1985.  "Reconsideration is the appropriate means of bringing to the court's attention manifest errors of fact or law. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) at 909, Max's Seafood Cafe V. Quinteros176 F.3d 669,  678  (3d Cir. 1999) at 678.

**CONCLUSION**

For the reasons stated above, Plaintiff is respectfully requesting the court to reconsider and GRANT the Plaintiff's Motion to Proceed on the Original Record.


Respectfully Submitted,

Ss// Marc Stephens
Marc Stephens
Plaintiff, Pro se